Nott, J.,
delivered tbe opinion of tbe court:
Tbe defendants move in this case to open tbe judgment here- • tofore rendered on tbe ground of newly discovered evidence establishing- tbe disloyalty of the claimant, James Tait. They produce first an original bond to a “ medical purveyor of the Confederate States of America,” on which the claimant is a surety; and, second, the claimant’s petition for pardon, in which he recites bis guilt in giving aid and comfort to tbe rebellion.
The claimant resists the motion, and his counsel insists that Tait is only the nominal party, and that the real parties in interest are the original claimants, Browning and others, loyal merchants residing in the city of New York. He urges with ability and zeal that to allow these loyal northern citizens to retain a judgment for the proceeds of captured property whereof they were in good faith tbe owners, is neither “ fraud, icrong, nor injustice” to tbe United States. It is at the same time said that the suit was begun in the name of Browning and Co.; that Tait was brought in and substituted as nominal claimant at the suggestion of the court, and that if the amendment had not been made the original claimants would have been entitled to recover upon the evidence given at the trial. The acts of Tait in executing the bond aud signing the petition are not controverted; but affidavits are relied upon to show that these acts *640 were committed, amid such circumstances that they Avill establish neither moral nor legal disloyalty.
We have looked into the evidence given on the former trial, and are constrained to say that it does not sustain the position of the claimant’s counsel. The deposition of Tait shows that the cotton was bought, was held, and was reported (after capture) in his own name. Those facts alone bring the action directly within the rule in BramhaWs Case, (4 C. 01s. R., p. 51.) Further, his contemporary affidavit, made the 15th June, 1865, describes it as 11 Ms own property? Finally, he shows that these forty-six bales were part of a parcel of fifty-four bales; that the remaining eight were sent by him to Liverpool $ that he received the money for them, and has kept it since.
Browning & Co. could not recover in their own right on these facts, and their equity depends on Tait’s loyalty. If the suit still stood in their name, we should adjudge that'they were not the owners of the captured property nor entitled to its proceeds-.
The case now made against Tait we think prima faoie sufficient. If he were guilty of having aided to overthrow’ the government of the United States, it would be fraud, Avrong, and injustice to the United States to allow him to retain a judgment which he recovered on the pretence of having been a loyal man.
As to the affidavits, and proofs presented by the claimant upon the motion, they controvert none of the facts upon which the motion is grounded, but seek to establish an affirmative defence of the acts. Upon this motion we cannot try the case upon its merits. The judgment must be opened and a new trial awarded.