*In re* DISTRICT OF COLUMBIA, No. 1.

*In re* DISTRICT OF COLUMBIA, No. 2.

APPEAL FROM THE COURT OF CLAIMS.

Nos. 13 and 14. Original. Argued January 21, 1901.—Decided February 11, 1901.

Section 1088 of the Revised Statutes relates to cases in which the Court of Claims is satisfied from the evidence that some fraud, wrong or injustice has been done the United States as matter of fact, and this is so in its application to the District of Columbia under the act of June 16, 1880.

The motions for new trial involved in these cases were grounded on error of law, to correct which the remedy was by appeal.

Resort cannot be had to motions under section 1088 simply because on appeals in other similar cases it had been determined by this court that the court below had erred.

THE case is stated in the opinion of the court.

*Mr. Robert A. Howard* for the District of Columbia, petitioner.

*Mr. A. A. Hoehling, Jr.*, by leave of court, filed a brief in behalf of certain interested parties.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

These are petitions for mandamus. The petition in No. 13 sets forth in substance that the Court of Claims rendered judgment in favor of Thomas Kirby and against the District, June 10, 1895, due and payable as of January 1, 1876, under the provisions of two acts of Congress, of June 16, 1880, 21 Stat. 284, c. 243, and of February 13, 1895, 28 Stat. 664, c. 87. No motion for new trial was made and no appeal was taken, and the judgment, principal and interest, was paid.

From the petition in No. 14, it appears that Henry L. Cranford and Lindley M. Hoffman obtained judgment November 15, 1895, under the aforesaid acts, payable as of January 1, 1876, which, principal and interest, was paid. No new trial was asked for, but an application for an appeal was made and withdrawn.

February 15, 1897, on an appeal by the District of Columbia from similar judgments in favor of other claimants, this court decided that no interest was recoverable on the amounts claimed until from the passage of the act of February 13, 1895. *District of Columbia* v. *Johnson*, 165 U. S. 330. Thereupon on February 25, 1897, the District filed motions for new trial in the cases involved here under section 1088 of the Revised Statutes, brought forward from the act of June 25, 1868, 15 Stat. 75, c. 71, which provides: "The Court of Claims, at any time when any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong or injustice in the premises has been done to the United States; but until an order is made staying the payment of the judgment, the same shall be payable and paid as now provided by law."

The ground of these motions was error in the allowance of interest from January 1, 1876, or except from the date of the judgments. The motions were denied for want of jurisdiction.

The act of June 16, 1880, provided for the settlement of all outstanding claims against the District of Columbia, including

claims arising out of contracts made by the board of public works, and conferred jurisdiction on the Court of Claims to hear the same, applying all laws then in force relating to the prosecution of claims against the United States, and giving the District of Columbia the same right to interpose counter-claims and defences, and a like power of appeal, as in cases against the United States tried in said court, and containing the express proviso that "motions for new trials shall be made by either party within twenty days after the rendition of any judgment." The jurisdiction so conferred was after-wards enlarged by the act of February 13, 1895, which author-ized the court to allow on claims like these the rates established and paid by the board of public works, and added that when-ever those rates had not been allowed in prior cases, the claim-ants should be entitled on motion made within sixty days after the passage of the act to a new trial thereof.

Applications for leave to file petitions requiring the judges of the Court of Claims to show cause why writs of mandamus should not be issued directing them to hear, try and adjudge the motions for new trial, having been presented to this court, leave was granted, and rules to show cause were entered thereon, to which the respondents made answer that the mo-tions were overruled because the court had no jurisdiction to consider the same, as the statute required motions for new trials to be made within twenty days after the rendition of judgment.

In *Ealer's Case,* 5 C. Cl. 708, it was ruled that under the act of June 25, 1868, now section 1088 of the Revised Statutes, it could not be held that fraud, wrong or injustice had been done by an error of law when there existed an ample measure of redress by appeal, and Nott, J., delivering the opinion, said: "The judgment in this case was deliberately considered by the court after its merits had been elaborately argued by counsel. If the court committed an error of law, the defendants had a sufficient remedy, by appeal to the Supreme Court. If an er-ror of fact was committed, arising from inadvertence or mis-take, the court was willing to correct its oversight. But the motion now made is grounded on a supposed error of law, or

rather upon a decision of the Supreme Court, pronounced in another case since the judgment in this was rendered."

We concur in this view. It seems to us clear that the relief contemplated by section 1088 was in respect of matters of fact whereby some fraud, wrong or injustice had been done to defendants. Indeed the section provides that such new trials shall be granted " upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong or injustice in the premises had been done." *Ex parte Russell*, 13 Wall. 664 ; *Belknap* v. *United States*, 150 U. S. 588, 591. This being so, it is unnecessary to consider whether the twenty-day limitation of the act of 1880 operated in amendment of section 1088, for that section does not authorize motions for new trial on the grounds upon which those in question rested.

*As the Court of Claims was right in denying the motions, the rules hereinbefore granted must be discharged and the petitions dismissed, and it is so ordered.*

MR. JUSTICE HARLAN concurred in the result.