Barney, J.,
delivered the opinion of the court:
The question for decision in this case arises upon the motion of the defendants for a new trial. This case was originally brought in this court in the name of the contractors, J. E. Simpson & Co., and was based upon a contract for the construction of a dry dock at the Brooklyn Navy Yard. The gravamen of the petition in that case was that the profile furnished the contractors, purporting to show the different strata of soils to be encountered in the construction of the dry dock was not correct, and that in its construction soils were encountered not as represented on said profile and which made the work much more expensive than the profile indicated. This suit went adversely to the plaintiff on the ground that the representations contained in said profile were not a warranty (31 C. Cls., 217), and the decision of *63 this court was affirmed by the Supreme Court (172 U. S., 372). Congress afterwards passed an act sending the suit to this court again, which act, stated in brief, provided that the plaintiff should recover if the court should find that the soils underlying the site of the dry dock were unstable and not as described in said profile so furnished the contractors, thus eliminating the question of warranty.
This last suit was tried in this court on the 12th day of February, 1912, and a judgment rendered in favor of the plaintiff for $50,000. The defendants now move for a new trial on several grounds stated, but evidently the principal one relied on is newly discovered evidence, and it being upon that ground that a new trial is ordered, that is the only feature of the motion which is discussed. The affidavits in support of this motion are made by several engineers, stating in substance that the conditions actually encountered in the construction of said dry dock, as shown by the evidence on said last trial in this court, were exactly such as any experienced civil engineer would have expected to encounter from an examination of said profile.
The defendants submitted the depositions of six civil engineers upon the last trial of this case, all of whom testified in substance that the profile mentioned indicated the presence of quicksand underneath the site selected for the dry dock, and an unstable condition of soil generally, and that any experienced civil engineer, from an examination of this profile, would expect to encounter such quicksand and unstable conditions. Our attention, however, has not been called to the testimony of any witness given upon the trial that the profile indicated just such conditions as the evidence shows were actually encountered in the construction of the dry dock, and we do not believe any such positive evidence was produced. It was all persuasive of the fact that serious trouble of the nature described might be feared, but by no means of the positive character indicated in the affidavits to support this motion. As shown by the affidavits presented, we think it is sufficiently different in character as to relieve it from the charge of being cumulative.
Cumulative evidence is generally defined as additional evidence of the same kind to the same point. (1 Greenleaf on *64 Evidence, sec. 2; 29 Cyc., 907.) Ordinarily a new trial will not be granted for the production of newly discovered cumulative evidence, although there are exceptions to this rule. An examination of the' authorities upon this subject will show that under exceptional circumstances new trials have been granted for the production of newly discovered evidence of this character. (29 Cyc., 911, 916.)
This leads us to the examination of the Federal statute upon this subject. Section 1088 of the Revised Statutes provides:
“ The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment the same shall be payable and paid as now provided by law.”
It was said.in Ex parte Russell, 13 Wall., 664, that a motion for a new trial under this statute is analogous to the case of a bill of review in chancery to set aside a former decree, or a bill impeaching a decree for fraud. It was held in District of Columbia v. United States, 180 U. S., 250, that the relief contemplated by this section was in respect of matters of fact whereby some fraud, wrong, or injustice has been done to the United States. Indeed, as was therein remarked, that is substantially the language of the statute. It was also held in Young v. United States, 95 U. S., 641, that the decision of this court, within its jurisdiction under this statute, upon a motion of the United States is conclusive and not subject to review.
The right of a claimant to a new trial in the Court of Claims depends upon common-law rules; but the Government is entitled to a new trial as a matter of course wherever a prima facie case of fraud, wrong, or injustice is made out against the Government. (Henry v. United States, 15 C. Cls., 162.)
*65 In the case of Silvey v. United States, 1 C. Cls., 305, this court decided that the common-law rule that in motions for a new trial on the ground of newly discovered evidence the moving party must show due diligence on the former trial in this court applied to “those of its officers whom the law makes officially cognizant of the suit ” as well as those officers immediately charged with its defense. Judge Loring vigorously dissented from this ruling in an exhaustive and able opinion, holding that such rule of due diligence should only apply to the latter class of Government officers, who in this court are the Attorney General and his assistants here employed. This opinion was afterwards adopted as the unanimous opinion of the court in Ford v. United States, 18 C. Cls., 62.
As to just the extent of the change which has been made by the statute under consideration in the rule as to cumulative evidence in such motions, we have been cited to no case discussing that question, and in the limited time allowed us have found none. It certainly does not mean that in all cases any cumulative evidence tending to show that the defendants have been wronged will entitle them to a new trial. If such an interpretation were given to this statute there would be no end to litigation in this court and the defendants could keep a claimant in court for an unlimited time. We think at least two limitations should be placed upon this unusual provision: First, the court must be convinced that a fraud, wrong, or injustice has been done to the United States which said cumulative evidence will tend to remove; and, second, it must be such cumulative evidence as this court or any nisi prius court would have heard upon the first trial. For example, if the defendants upon the first trial introduced the testimony upon the point in question of as many witnesses as trial courts usually allow upon one disputed point, a new trial should not be granted to allow more witnesses upon the same point. Quite likely exceptions to this rule might arise, as, for instance, the probable superior knowledge of the new witnesses as to the facts in issue might be such as to convince the court that a wrong or injustice had been done the Government, but we believe the general *66 rule should be as stated. In other words, a new trial will not be allowed for newly discovered cumulative evidence if all of the evidence of the same character properly allowable is already in the case.
As before stated, the defendants upon the trial of this ease introduced the testimony of six witnesses tending to prove that the profile exhibited to the contractors indicated conditions which might have been suspected or feared and which were actually encountered; but no witnesses who testified said that the conditions actually encountered were positively indicated by such profile. It is witnesses of the latter character whose testimony is sought to be introduced upon a new trial. If the affidavits presented upon this motion only showed that the new witnesses sought to be introduced would testify the same or practically the same as the six witnesses whose testimony is now before the court, we do not think, under section 1088, we ought to allow a new trial for reasons already given. But, being different in kind, there is now no evidence in the case of that character.
A new trial is therefore allowed in this case, not for the introduction of cumulative testimony along the line of the testimony already in the record from the six witnesses mentioned, but probative of a different state of facts, i. e., that the profile in question positively indicated the exact condition encountered in the construction of the dry dock.