Campbell, Chief Justice,
delivered the opinion of the court:
The defendant has filed a motion for a new trial under section 176 of the Judicial Code (Rev. Stat. 1088). From the final judgment of this court the defendant took an appeal to the Supreme Court of the United States, which is still pending therein.
Section 176 reads as follows:
■ “ The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion, on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law.”
Its language authorizes the granting of a new trial though an appeal be pending in the Supreme Court. It is “ a peculiar provision, applicable only to the Court of Claims.” Belknap v. United States, 150 U. S. 588, 590, and the section was in *403 tended “ to give the Government an advantage which, in respect to its form, is quite unusual, if not unprecedented, but which Congress undoubtedly saw sufficient reason to confer.” Ex parte Russell, 13 Wall. 664, 668.
It therefore becomes the duty of this court to consider the defendant’s motion, notwithstanding an appeal taken long since from the judgment and yet pending. In Young v. United States, 95 U. S. 641, 643, it is said :
“A case having been made upon the record, such as would justify its interference, that court had the right to hear the evidence and decide. Over its decision within that jurisdiction we have no control, for the statute has not provided an appeal. The new trial is to be granted if the evidence submitted, whether cumulative or otherwise, is sufficient to satisfy that court ‘ that fraud, wrong, or injustice has been done to the United States.’ The act was passed for the protection of the United States. It constitutes' one of the conditions which Congress has seen fit to attach to the grant of a right to sue the United States. The suitor can not complain, for he accepted this condition of the jurisdiction when he commenced his suit. * * * We are all of the opinion that the decision of the Court of Claims, upon a motion by the United States, within the prescribed jurisdiction, is conclusive and not subject to review. The claimant must rely upon his appeal from the final judgment upon the merits for protection against wrong under this form of proceeding.”
The section contemplates a new trial in respect of matters of fact and does not authorize the granting of a motion predicated solely upon errors of law. The latter may be corrected on appeal. In re District of Columbia, 180 U. S. 250, 252, approving the rule stated in Ealer's Case, 5 C. Cls. 708.
Before entering upon a discussion of the motion we deem it proper to state, in general terms, a history of the proceedings in the case in this court.
The original petition was filed in February, 1912. Evidence was taken by both parties, and both the plaintiff and the defendant filed requests for findings of fact and briefs. These were of unusual length and presented elaborately the contentions of the parties. The attorneys representing the respective parties appeared and argued the case orally when it was submitted to the court for decision. After the *404 submission the court prepared what is called “ tentative ” findings of fact and filed the same with an order allowing the parties to make objections thereto or suggestions for any changes therein. Thereafter proposed amendments to the findings were made by one or both of the parties, and on the day set the attorneys for the respective parties were again heard upon exceptions to the tentative findings.
In its exceptions to the tentative findings the plaintiff requested the court to make a finding to the effect that the Widell-Finley Company and its trustee in bankruptcy were made , parties defendant to the suit brought by the United United States against the bondsmen of the Widell-Finley Company in the District Court of the United States for the District of Minnesota, mentioned in Finding IX, and also to find that “ the right of the contractor and its trustee in bankruptcy to recover from the United States the withheld percentage or any of the claims involved in this action were not litigated or decided in that case.” The court, not being satisfied by the references to the record as to the facts thus requested to be found, made an order in which it was stated specifically that the plaintiff requested an amendment of the tentative findings “ by adding two clauses,” which were mentioned appropriately in the order, and further that it deemed a finding upon these matters to be material. This order provided that the parties have leave “ to produce and file in the clerk’s office a certified copy of the record and proceedings in cause 215 of the District Court of the United States for the District of Minnesota, wherein the United States of America was plaintiff and Adolph Q. Eberhart et al. were defendants, or a certificate of such part of the record and proceedings in said cause, or in the consolidated cause referred to in Exhibit O, as bears upon the matters in question, together with such other documentary proof in support of the requested change as the parties may see fit to file.”' This order was entered November II, 1919, and gave the parties until January 1, 1920, in which to comply. Following this the plaintiff filed a transcript of the record on appeal from the District Court to the United States Circuit Court of Appeals for the Eighth Circuit in the consolidated cases mentioned in 204 Fed. Rep. 884. The defendant offered no *405 other evidence and filed no objection to the proposed finding, and the court, having amended the tentative findings, rendered judgment on January 26,1920, which is now complained of. Thereafter the defendant filed a motion to be allowed to file a motion for a new trial, which was overruled because the motion for a new trial had not been filed within the time fixed by the rules of the court. An appeal was then taken to the Supreme Court of the United States on the 24th day of April, 1920. The present motion for a new trial under section 175 was filed on the 3d day of October, 1921. When the” motion was filed and notice of it sent to the address of plaintiff’s attorney of record, it developed that he had died since the rendition of the judgment, and some delay in passing on the motion was occasioned by the fact that another attorney had to be selected by the plaintiff, his name substituted on the record, and he be given an opportunity to reply to the motion.
In this case it may be said that the matter now offered, if it is material, or would tend to produce a different result, should have been presented in compliance with the order of November 19, 1919, practically inviting parties to present the evidence upon the question now at issue.
The contention of the defendant on the motion is that the court erred in finding that the claims for which judgment was allowed had not been litigated and decided in the suit in the District Court brought by the United States against the bondsmen of the contractor, wherein the contractor, the Widell-Finley Company, and its trustee in bankruptcy, were by stipulation brought in as parties defendant. The affidavit of a court stenographer, who took down the proceedings in the consolidated cases in the District Court, is produced, and the court is asked to award a new trial, upon the theory that it will be shown by that witness that the matters referred to in the above findings were litigated and decided in the District Court and, further, that the court erred in its conclusions.
The findings stated in the concluding paragraph of Finding IX and here objected to was deemed to be the ultimate fact, without a recital of all the evidence establishing it, and to be, therefore, in accordance with the rule of the Supreme *406 Court upon the subject of findings by this court. It was requested by the plaintiff to be found and was not objected to by the defendant. Of course, if additional findings were deemed essential, it was open to the defendant to request them within the time fixed by the rules (which was not done).
A more detailed statement of the proceedings in the case in the District Court could have been stated and, in our judgment, it will confirm the accuracy of the finding which is assailed. The statement is made án appendix hereto. The pleadings by the parties and the court’s charge show the issue and determine what was litigated and decided.
After the Government had taken charge of the work which the contractor, or its receiver in bankruptcy, had abandoned, as stated in Finding III, the Government completed the same. Thereafter an action, numbered 215, was brought by the United States against the sureties on the bond of the contractor. This -action was subsequently consolidated by an order of the court with another, numbered 226, which the United States, suing for the benefit of a bank, brought against the same sureties and the contractor. The latter case (No. 226) is not material here but is discussed at length in 204 Fed. Rep. 884, where the opinions of the Circuit Court of Appeals in both cases appear.
The complaint in case No. 215 shows that the United States sued the sureties of the contractor to recover the amount of the penalty of their bond. Afterwards, by stipulation of attorneys, the contractor and its trustee in bankruptcy were impleaded as defendants in that action. While the amount claimed as damages against the contractor is stated in the complaint to be $59,009.06, the ground of action is predicated on the alleged fact that it cost the Government more to complete the work after the contractor’s abandonment of it than it would have cost if the contractor had performed his contract. It is specifically averred that the plaintiff (the Government) paid out.and expended “over and above the contract price ” and in excess of what the Government would have paid if the contractor'had performed his contract the stated sum. This complaint made no reference to what the contractor had earned prior to the Government taking over the work. The complaint therefore presented *407 the one issue that the Government was entitled to recover the sum stated because, on account of the contractor’s default, it had been compelled to complete the work at an increased cost over what it should have been done for by the contractor.
The contractor undertook to set up two defenses, but asked no affirmative relief. Both defenses were predicated on alleged erroneous classification of materials, one.setting up what the alleged error was before the contract was abandoned and the other alleging what the erroneous classification was after the Government took charge. The contractor claimed that the Government had not allowed him .enough for the work actually performed by' him, but this attempted defense was eliminated subsequently by the court’s ruling, to the effect that the classification made by the Government officer, while the work was being done by the contractor, was binding on both parties under a provision of the contract, and the jury were so instructed by the court. This left the only possible defense to be whether an erroneous classification was made of the material while the Government was completing the contract,- the court ruling upon that question that the officer’s classification during the period of the Government work was not binding on the contractor. (.This ruling was affirmed on the Government’s appeal.) The Government had completed the work and was entitled to charge the contractor with its excess cost over what, at contract prices and proper classification, it would have cost the Government if the contractor had performed. The. amount of materials removed was not questioned, the contract prices for the several classes were fixed, and the only dispute was as to the proper classification. Manifestly the contractor could not recover anything from the Government on account of the latter’s work in completing the contract, even though it were completed for less than the contract price. All he could claim, when sued by the Government on account of the excess cost, was that the contract prices for the materials, and the classification of them according to the contract, be observed to ascertain whether there was a liability to the Government. The court told the jury that they should state the account, and thus left to them the only question at issue. They found against the Government and returned a general verdict for *408 the defendants. Judgment was rendered thereon and an appeal by the Government from the judgment was affirmed (204 Fed. Rep. 884). Thus not only as a matter of fact was the amount which had been retained by the Government not litigated and decided but, as a matter of law, it could not ha,ve been litigated and decided for the reasons to be stated. The Government’s contention upon that question — to the effect that if the judgment of the district court was conclusive upon the Government (the plaintiff in that action) it must be equally so upon the contractor and its trustee — is answered by the ruling of this court in Atlantic Dredging Co. case, 35 C. Cls. 463, 484, where, upon a similar question, it was held that a judgment in a district court estopped the Government. The opinion by Judge Weldon uses the following apposite language:
“ In the proceeding in New York, the rights of the parties were not reciprocal. The plaintiffs [the Government] had the right to prosecute its action for any violation of the agreement on the part of the defendant, but the defendant was limited in the range of its judicial right to a defense in showing that it did not violate the contract, but beyond that it had no right of set-off or counterclaim. The law in its policy gave it a power to defend but no power to attack; and hence, while it might defeat the plaintiffs, it could not succeed in establishing any affirmative right or claim against the plaintiffs. Tillou v. United States, 6 Wall. 484. The exercise of that right was left to the jurisdiction of this court, and it now seeks to exercise that right in the presentation of its claim, unaffected by the claim of the defendant that it violated its agreement in the nonperformance of the contract.”
See also Weisberger case, 54 C. Cls., 1, where the court held that the Government, having sued in a district court and a judgment rendered for the defendants, it was bound thereby as res ad judicata and the contractor was given a judgment.
As a matter of law it may be asserted that the contractor could not be estopped by the judgment of the district court, so far as its claims for which judgment was rendered in this court are concerned. Section 951 (Kev. Stat.) provides that in suits by the United States “ no claim for credit shall be admitted upon trial ” except as therein stated. This statute has been many times construed. See Eckford case, 6 Wall. *409 484; Smythe v. United States, 188 U. S. 156, 172, 173, and cases cited. In United States v. Nipissing Mines Co., 206 Fed. Rep. 431, tbe Circuit Court of Appeals, in an opinion by Judge Noyes, say:
“ Section 951 of the Revised Statutes allows set-offs when claims have been presented to accounting officers, but this statute does not authorize a judgment for an excess against the Government.”
Moreover, the district court could not have rendered judgment against the Government for a claim in excess of $10,000. The Tucker Act (section 24, subdivision 20, Judicial Code) gives the district court jurisdiction “ concurrent with the Court of Claims ” of certain claims and contains the provision that “ all suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury.” There is no authority conferred to try a claim against the United States by a jury. In the case cited the Circuit Court of Appeals say: “ We think that this statute refers -to original suits and prescribes procedure inconsistent with its use as the basis of a counterclaim,” 206 Fed. Rep. 431, 434, and the judgment of the District Court against the United States upon a counterclaim, 202 Fed. Rep. 803, was reversed. Clearly, then, the claim of the contractor for the amount in the hands of the Government confessedly due the contractor upon work it had performed was not litigated and decided-against it. In view of section 951 et seq., the court could not have allowed the claim to be litigated and it was without jurisdiction to determine the claim in a jury trial in view of the Tucker Act.
If the judgment rendered, appealed from, and affirmed- in these circumstances does not constitute a conclusive bar to the Government’s defense, attempted to be asserted in this court, it is difficult to see how a judgment can ever constitute an estoppel or be res adjudicata. If it had been content to prosecute its claim against the sureties alone, it may not have precluded itself to contest the question when sued by the contractor. See California Bridge Co. case, 245 U. S. 337; 50 C. Cls. 40. It voluntarily consented that the contractor be impleaded as a defendant and must abide the consequences of the judgment against itself. Weisberger case, supra. If the *410 District Court could not adjudicate the question at the instance of the contractor, its adjudication was not secured, indirectly, by any course the plaintiff there (the Government) may have taken. And in this connection it is to be noted that the Government’s complaint states that it “ necessarily' paid out and expended over and above the contract price * * * and in excess of what the plaintiff should have paid if said agreement had been performed by ” the contractor “ the sum of $59,009.06,” and it is accordingly alleged that “ the plaintiff was damaged ” in that sum. Thus, clearly, the entire amount due the Government for the work over and above what it should have cost it was in issue. On the other hand, the contractor and its trustee brought action here to recover the amount which was earned upon the basis of what it claimed was the correct classification for materials it had moved while engaged upon the work. It had not sought to.have the relief thus claimed when it filed answer in the District Court, in that it asked no judgment and could have had none.
This court’s findings (VI) of the cost to the Government to complete the work over and above what the contractor would, have been paid was made because of a request for a finding on that subject by the Government. Notwithstanding our view, that the matter was settled in the District Court, it was the right of the defendant to have the finding made. It is proper to say, however, that the amount stated in the conclusion of Finding VI was the amount found when the classification was according to the ruling of the Engineer officer under the provision of section 8 of the contract. There is no finding of what the amount would be if the classification by the officer was not binding after the Government took charge. The District Court and Circuit Court of Appeals held that the officer’s classification was not binding. It hence follows that the finding as made may operate against the contractor except for the explanation stated.
The litigation between these parties has been protracted. The petition was filed in February, 1912. Every opportunity was afforded the defendant to make its defense. The witness whose testimony is now asked to be taken was examined as a witness in 1915, and cross-examined by defendant’s counsel, *411 and the latter was informed then that the witness (court reporter) had all his notes and could make a transcript from them. If the transcript was material, it should have been produced. The judgment of the court is for two items of moneys which have been withheld on account of work actually performed and accepted and two small items which the Government has admitted to be proper charges against it. Nothing has been allowed on account of the alleged erroneous classification. The work was completed about thirteen years ago. The contractor gets no interest on the claims. It would seem that he has been compelled to wait long enough for the principal. We do not regard the proposed “ new ” evidence as material, if it were not cumulative, for the reasons above stated. We are satisfied that no “ fraud, wrong, or injustice has been done the Government, and the motion for a new trial is overruled.
All the judges concur.