Hay, Judge,
delivered the opinion of the court:
The former judgment of this court in this case was on May 12, 1924, reversed by the Supreme Court of the United States and remanded to this court for further proceedings in conformity with the opinion of the Supreme Court.
After the former judgment in this case had been reversed by the Supreme Court the Government filed a motion for what is termed a new trial under section 175 of the Judicial Code, This section authorizes the Court of Claims “ while any claim is pending before it or on appeal from it or within two years next after the final disposition ” of it to grant on the Government’s motion a new trial and stay the payment of any judgment. This motion was filed on November 7, 1925. The former judgment of this court was rendered on the 23d day of April, 1923, 58 C. Cls. 274. And, in any event, the motion would be too late. But the judgment was reversed by the Supreme Court on the 5th day of May, 1924, 265 U. S. 106. While the authorities are abundant that this court may grant a new trial under section 175 even after a judgment has been affirmed by the Supreme Court, no authority has been adduced to show that this court may grant a *97 new trial under section 175 until either this court or the Supreme Court has rendered a judgment, and certainly no authority can be adduced that this court can grant a new trial upon a judgment of reversal by the Supreme Court.
Two items very much insisted on by the Government in its motion are (1) the failure to find what is called the requisition telegram of August 3, 1917; and (2) the failure to set out in full the requisition order in the court’s findings. The so-called requisition telegram was not in the record up to the time of the court’s judgment and was therefore not found, but its existence was known to the Government counsel who prepared the Government’s brief of about seventy printed pages and argued the case. This is evidenced by the fact that in this brief, at page 331 of the record, reference is made to certain action of the general manager of the Fleet Corporation “ who had signed the requisition telegram, and requisition letter of August 3.” He did not introduce it, probably because he didn’t think it material, as it was merged in the letter. The complaint that part of the requisition order was omitted is without force because a copy of the requisition order appeared in the petition itself. The briefs and the opinion of the Supreme Court show very clearly that this whole order was before them. In these circumstances the grounds assigned for the motion would furnish very little basis for it, even if it were timely. See Axman case, 48 C. Cls. 378, 379; Missouri Pacific Railway Co. case, 55 C. Cls. 485, 486; Volk case, 56 C. Cls. 395. While additional findings have been made, the defendant’s motion for a new trial is overruled.
And this court in conformity with the opinion of the Supreme Court has found the value of the plaintiff’s contract and thereby has put it in as good a position pecuniarily as it would have been in if its contract had not been taken. In arriving at this result this court has taken into consideration the elements of value as laid down in the opinion of the Supreme Court of the United States in this case (265 U. S. 106), as follows:
“ Determination of just compensation is to be based on the fact that claimant’s contract and its rights and interest there-. under were expropriated, and that it is entitled to have their *98 value at the time of the taking. The value of such ships at the time of requisition, and the then probable value at the time fixed for delivery, the contract price, the j>ayments made and to be made, the time to elapse before completion and delivery, the possibility that by reason of the Government’s action in control of materials, etc., the contractor might not be able to complete the ship at the date fixed for performance, the loss of use of money to be sustained, the amount of other expenditures to be made between the time of requisition and delivery, together with other pertinent facts, are to be taken into account and given proper weight to determine the amount claimant lost by the taking.”
Judgment for the plaintiff will be entered for the sum of $923,007.50.
Moss, Judge; Geaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.